IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENT E. JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNMC, Hospital, ER Room #5,<br><br>　　　　　　Defendant. | 8:21CV476<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

## I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that in June 2021, in an emergency room at the University of Nebraska Medical Center ("UNMC"), he was placed in restraints, had his clothes ripped off by a nurse, and was injected with allergy medication in his left thigh. No specific relief is requested.

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

UNMC and other universities within the University of Nebraska system are state agencies entitled to sovereign immunity.[1] *See Akintunde v. Bd. of Regents of the Univ. of Nebraska-Omaha*, No. 4:15CV3011, 2015 WL 5023570, at *4 (D. Neb. Aug. 20, 2015) (citing *Doe v. Bd. of Regents of the Univ. of Neb.,* 788 N.W.2d 264, 281, n. 51 (Neb.2010); *Becker v. Univ. of Neb. at Omaha,* 191 F.3d 904, 908-09 (8th Cir. 1999). The Eleventh Amendment bars claims for damages that are brought in federal court against a state agency or a state employee who is sued in his or her official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir.

---

[1] Although the Nebraska Legislature has waived sovereign immunity for certain kinds of torts against the State of Nebraska and its agencies, this waiver does not extend to actions maintained in federal court. The State Tort Claims Act ("STCA") grants exclusive jurisdiction over those claims to "the district court of the county in which the act or omission complained of occurred...." Neb. Rev. Stat. Ann. § 81-8, 214 (Westlaw 2021). Consequently, any waiver of the State's sovereign immunity in the STCA "does not extend to actions brought in federal court." *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017).

1995). Under the exception established in *Ex parte Young*, 209 U.S. 123 (1908), a private party may sue state officials in their official capacities for prospective injunctive relief. *McDaniel v. Precythe*, 897 F.3d 946, 951-52 (8th Cir. 2018) (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md.*, 535 U.S. at 645 (alteration in original) (quoting *Coeur d'Alene*, 521 U.S. at 296). Plaintiff does not allege any such ongoing violation or seek any prospective relief.

While the Eleventh Amendment does not prohibit Plaintiff from suing UNMC employees for damages in their individual capacities, no employee has been named as a defendant. Moreover, the court cannot discern from the allegations of Plaintiff's Complaint that there was any constitutional violation which would permit the court to exercise jurisdiction even if Plaintiff were to sue an individual.[2]

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), but the court will give Plaintiff 30 days to file an amended complaint which states a claim upon which relief may be granted..

IT IS ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

---

[2] Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 7, 2022—amended complaint due**.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 6th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge